UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ED WHITAKER,<br><br>         Plaintiff,<br><br>    v.<br><br>COSTCO WHOLESALE CORPORATION AND DOE ONE THROUGH AND INCLUDING TEN,<br><br>         Defendant. | No.  2:13-cv-00668 JAM-EFB<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT IN PART AND DENYING IN PART** |

This matter is before the Court on Defendant Costco Wholesale Corporation's ("Defendant") Motion for Partial Summary Judgment (Doc. ##222, 59).  Plaintiff Ed Whitaker ("Plaintiff") opposes the motion (Doc. ##223, 60) and Defendant replied (Doc. ##225, 66).[1]  For the following reasons, Defendant's motion is granted in part and denied in part.

///

///

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for July 24, 2012.

1

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

This action was originally filed on April 4, 2011, in the U.S. District Court for the Central District of California ("Central District court") by Virginia Velazquez ("Velazquez") and Steven Berry ("Berry") as a putative class action, but class certification was denied (Doc. ##1, 53). Plaintiff was first added in the First Amended Complaint ("FAC"), which was logged on March 31, 2011 (Doc. #15). On August 26, 2011, Velazquez, Berry, and Plaintiff filed the Second Amended Complaint ("SAC"), the operative complaint in this action, alleging three causes of action against Defendant: (1) failure to pay overtime in violation of California Labor Code § 1194(a); (2) failure to produce continuing wages under Labor Code Section 203 ("Section 203"); and (3) unfair competition under California Business and Professions Code Sections 17200 et seq. ("UCL")(Doc. #39).

On July 30, 2012, Defendant filed two motions with the Central District court: a motion for summary judgment on portions of Velazquez's and Plaintiff's claims (Doc. #59) and a motion to sever trials and to transfer Plaintiff's action to the U.S. District Court for the Eastern District of California (Doc. #58). On April 5, 2013, the Central District court severed and transferred Plaintiff's claims to this Court (Doc. #217). In addition, the Central District court granted in part and denied in part Defendant's motion for judgment on Velazquez's claims (Doc. #72). See Velazquez v. Costco Wholesale Corp., SACV 11-508 JVS RNBX, 2012 WL 3731780 (C.D. Cal. Aug. 27, 2012). On June 21, 2013, Defendant re-noticed its motion for summary judgment as to Plaintiff's claims before this Court (Doc. #222).

2

A. <u>Plaintiff's Employment</u>

The facts as to Plaintiff's employment are largely uncontroverted. Plaintiff worked for Defendant as a receiving manager from July 13, 2005, through approximately October 21, 2006. Pl.'s Statement of Genuine Disputes, Doc. #62, at ¶ 1. Although Plaintiff was no longer a receiving manager after October 21, 2006, Plaintiff remained employed by Defendant. <u>Id.</u> ¶ 2. Starting in November 2009, Plaintiff took a yearlong leave of absence in part for medical reasons. <u>Id.</u> ¶ 8.

B. <u>The Predecessor Lawsuit</u>

Prior to this lawsuit, in <u>Drenckhahn v. Costco Wholesale Corp. et al.</u>, CV 08-1408 JHN (SSx), a former receiving manager for Defendant filed an action on December 26, 2007. <u>Velazquez</u>, 2012 WL 3731780, at 2. The action was brought on a representative basis on behalf of other receiving managers employed by Defendant in California since December 2003. <u>Id.</u> Class certification was denied on March 31, 2010, 826 days after the action was filed. <u>Id.</u>

II. OPINION

A. <u>Legal Standard</u>

The Federal Rules of Civil Procedure provide that "a court shall grant summary judgment if the movant shows there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be disputed must support the assertion by citing to particular parts in the record, or by showing that the materials cited do not establish the presence of a genuine dispute. Fed. R. Civ. P. 56(c)(1)(A)-(B). The purpose

3

of summary judgment "is to isolate and dispose of factually unsupported claims or defenses." Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

The moving party bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp., 477 U.S. at 323 (quoting Fed. R. Civ. P. 56(c)). That burden may be met by "'showing'- that is, pointing out to the district court- that there is an absence of evidence to support the non moving party's case." Fairbank v. Wunderman Cato Johnson, 212 F.3d 528, 531 (9th Cir. 2000) (quoting Celotex Corp., 477 U.S. at 325). If the moving party meets its burden with a properly supported motion, the burden shifts to the opposing party. Id. The opposition "may not rest upon the mere allegations or denials of the adverse party's pleading," but must provide affidavits or other sources of evidence that "set forth specific facts showing that there is a genuine issue for trial." Devereaux v. Abbey, 263 F.3d 1070, 1076 (9th Cir. 2001) (quoting Fed. R. Civ. P. 56(e)). The adverse party must show that the fact in contention is material and the issue is genuine. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A "material" fact is a fact that might affect the outcome of the suit under governing law. Id. A fact issue is "genuine" when the evidence is such that a reasonable jury could return a verdict for the non-moving party. Villiarmo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th

Cir. 2002). However, uncorroborated and self-serving testimony alone does not create a genuine issue of fact. Id. The Court must view the facts and draw inferences in the manner most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The mere existence of a scintilla of evidence in support of the non-moving party's position is insufficient: "There must be evidence on which the jury could reasonably find for [the non-moving party]." Anderson, 477 U.S. at 252. This Court thus applies to either a defendant's or plaintiff's motion for summary judgment the same standard as for a motion for directed verdict, which is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id.

B.   Judicial Notice

Both parties request judicial notice of several documents related to the Drenckhahn action and administrative agency standards. Pl.'s Request for Judicial Notice, Ex. 5, Doc. #223-2; Def.'s Request for Judicial Notice, Doc. #222 referencing Doc. #66-2. However, the Court finds these documents unnecessary for the determination of this motion and therefore, both requests for judicial notice are denied.

C.   Discussion

Defendant moves for summary judgment on Plaintiff's second cause of action for violation of Labor Code Section 203 and moves for partial summary judgment on Plaintiff's first cause of action for failure to pay overtime in violation of the Labor Code.

5

1. Meet and Confer Requirement

As a preliminary matter, Plaintiff argues that Defendant's motion should be denied for failure to meet and confer pursuant to Central District Local Rule 7-3.  However, this local rule does not apply in the Eastern District and there is no equivalent rule.  Accordingly, the Court finds that Central District Local Rule 7-3 is not an appropriate ground to deny Defendant's motion.

2. Labor Code Section 203 Claim

Defendant argues that Plaintiff's Section 203 claim for continuing wages fails because his employment has not been terminated.  Plaintiff argues that his leave of absence triggers continuing-wage liability under Section 203.

Under Section 203, "If an employer willfully fails to pay, . . . any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the date thereof at the same rate until paid or until an action therefor is commenced . . . ."  Cal. Lab. Code § 203.  The discharge requirement is satisfied by an employee's "involuntary termination from an ongoing employment relationship," as well as when "an employer releases an employee after completion of a specific job assignment or time duration for which the employee was hired."  Smith v. Superior Court, 39 Cal.4th 77, 89, (2006) (citation).  In Velazquez, the Central District court addressed the same arguments at issue here and held that a medical leave of absence could not be considered a discharge for purposes of Section 203 because courts interpreting Smith have found that leaves of absence are not discharges and because policy considerations favor not treating employees on leaves as former

employees. 2012 WL 3731780, at *5-6 (citing Jappa v. California, 08CV1813WQH(POR), 2009 WL 69312, *7-8 (S.D. Cal. Jan. 8, 2009); Alvarado v. Costco Wholesale Corp., C 06-04015 JSW, 2008 WL 2477393, at *2-3 (N.D. Cal. June 18, 2008)).

In the instant case, starting in November 2009, Plaintiff took a yearlong leave of absence in part for medical reasons, but he is currently employed by Defendant. Plaintiff argues that a leave constitutes discharge because Smith supports a more inclusive construction of the word "discharge." However, the Court finds the Central District court's interpretation of "discharge" in Velazquez persuasive. Therefore, a leave of absence does not constitute discharge because Plaintiff could return to his position and Plaintiff, in fact, returned to work for Defendant.

Accordingly, the Court grants summary judgment in Defendant's favor as to Plaintiff's second cause of action for violation of Section 203.

### 3. Labor Code Overtime Claim

Defendant argues that Plaintiff's Labor Code overtime claim is time barred with respect to any employment prior to May 23, 2006. Plaintiff disagrees, arguing that his overtime claim extends to February 25, 2006.[2]

Both parties agree that Labor Code overtime claims are governed by a three-year statute of limitations. Def.'s mot. at

---

[2] The Court assumes that Plaintiff's claim that the overtime claim extends to "February 25, 2005", (Opp. at 2, 14) is a typographical error because pursuant to Plaintiff's argument and taking into account the three-year statute of limitations and 826 days of equitable tolling, the claim would extend to 2006 not 2005.

7

5; Opp. at 9.  They also agree that equitable tolling applies to Plaintiff's individual claims for 826 days during the pendency of <u>Drenckhahn</u>.  Opp. at 10; Reply at 2 n.4.  However, they disagree on when Plaintiff became a party to this action.

Plaintiff argues that he became a party when he lodged the FAC on May 31, 2011.  Defendant relies on several local rules of the Central District to argue that lodging does not constitute filing and therefore, Plaintiff did not become a party to this action until the SAC was filed on August 26, 2011, because the FAC was merely lodged and not filed.  Defendant also mentions that the Central District court indicated "that the FAC was not filed and only 'lodged with the Court on May 31, 2011.'"  Reply at 2.  Defendant's partial quotation, however, is misleading because the Central District court noted, "The Court treats the [FAC] as filed with the Court, even though it was only lodged by Plaintiffs."  Order Granting in Part and Denying in Part Defendant's Motion to Dismiss or Strike SAC, Doc. #26, at 2 n.1.  Because the Central District court treated the FAC as filed despite only being lodged, the Court finds that the FAC was filed, and therefore, Plaintiff became a party to this action, on May 31, 2011.  Consequently, Plaintiff's overtime claim under the Labor Code extends to February 25, 2006—which is 3 years and 826 days prior to the filing of the FAC.

Accordingly, the Court denies Defendant's motion for partial summary judgment as to Plaintiff's Labor Code overtime claim.  Further, the Court need not address Plaintiff's arguments on estoppel and waiver.

      4.  <u>UCL Claim</u>

Plaintiff also argues that his overtime claim, addressed above, is not time barred because the unpaid overtime is recoverable under his third cause of action, the UCL claim, which is subject to a four-year statute of limitations. Opp. at 15. Defendant does not disagree but argues that it is irrelevant because Defendant has not challenged the statute of limitations applicable to the UCL claim. Reply at 6. Accordingly, the Court holds that the statute of limitations for the UCL claim has no effect on the Labor Code overtime claim.

## III. ORDER

For the reasons set forth above, the Court GRANTS in part and DENIES in part Defendant's Motion for Summary Judgment. The Court grants summary judgment for Defendant on Plaintiff's second cause action and denies partial summary judgment for Defendant on Plaintiff's first cause of action.

IT IS SO ORDERED.

Dated: August 14, 2013

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE